2014–0108. State ex rel. Baker v. Indus. Comm.
Franklin App. No. 12AP–114, 2013-Ohio-5697.

# CASE ANNOUNCEMENTS
## February 26, 2014

[Cite as 02/26/2014 Case Announcements, 2014-Ohio-676.]

## MOTION AND PROCEDURAL RULINGS

2014–0290. In re D.P.
Hamilton App. Nos. C–130293 and C–130298, 2014-Ohio-467. This cause is pending before the court as a jurisdictional appeal.

Upon consideration of appellant's motion for stay of the court of appeals and juvenile court decisions, it is ordered by the court that appellee shall file a response, if any, to the motion for stay no later than 12:00 p.m. on Monday, March 3, 2014.

# CASE ANNOUNCEMENTS
## February 27, 2014

[Cite as 02/27/2014 Case Announcements, 2014-Ohio-692.]

## MOTION AND PROCEDURAL RULINGS

2009–0866. State ex rel. Kobly v. Youngstown City Council.
In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus.

Upon consideration of respondents' motion to conduct the special-master hearing in Youngstown, Ohio, it is ordered by the court that the motion is denied.

Andrew J. Campbell
Special Master

2010–1406. State v. Pickens.
Hamilton C.P. No. B0905088. This cause is pending before the court as a death-penalty appeal from the Court of Common Pleas of Hamilton County.

Upon review of the record in this case, it appears that Volume 19 of the Transcript of Proceedings may contain an error. It appears to the court that pages 2036 through 2054 of Volume 19, which should contain the transcription of State's Exhibit 39, are not an accurate transcription of State's Exhibit 39.

It is therefore ordered, sua sponte, that counsel for appellant and appellee shall file within 30 days of the date of this entry either a joint certification that Volume 19 of the Transcript of Proceedings is accurate, or cause an amended accurate transcript to be filed if counsel determines that the transcript is not accurate.

2013–1932. In re B.C.
Clark App. No. 2013–CA–72. This cause is pending before the court as an appeal involving the termination of parental rights from the Court of Appeals for Clark County.

Upon consideration of appellant's motion to consolidate the case with Supreme Court case No. 2014–0181, In re B.C., it is ordered by the court that the motion is granted and that the briefing in case Nos. 2013–1932 and 2014–0181 shall be consolidated. Appellant's brief shall be filed within 20 days from the date of the entry pursuant to S.Ct.Prac.R. 16.02(A)(1). The parties shall file two originals of each of the briefs permitted under S.Ct.Prac.R. 16.02 through 16.04 and include both case

numbers on the cover page of the briefs. The parties shall otherwise comply with the requirements of S.Ct.Prac.R. 16.01 through 16.04.

O'DONNELL, LANZINGER, and KENNEDY, JJ., dissent.

**2014–0181. In re B.C.**

Clark App. No. 2013–CA–72. This cause is pending before the court on the certification of a conflict by the Court of Appeals for Clark County involving the termination of parental rights. On review of the order certifying a conflict, it is determined that a conflict exists. The parties are to brief the issue stated at page 3 of the court of appeals' entry filed January 10, 2014, as follows:

"Do the delayed appeal provisions of App.R. 5(A) extend to cases involving the termination of parental rights?"

The conflict case is *In re Westfall Children,* 5th Dist. Stark No. 2006 CA 00196, 2006-Ohio-6717.

It is ordered by the court, sua sponte, that this cause is consolidated with Supreme Court case No. 2013–1932, *In re B.C.,* and that the briefing in case Nos. 2014–0181 and 2013–1932 shall be consolidated. Appellant's brief shall be filed within 20 days from the date of the entry pursuant to S.Ct.Prac.R. 16.02(A)(1). The parties shall file two originals of each of the briefs permitted under S.Ct.Prac.R. 16.02 through 16.04 and include both case numbers on the cover page of the briefs. The parties shall otherwise comply with the requirements of S.Ct.Prac.R. 16.01 through 16.04.

It is furthered ordered by the court that the record in case No. 2013–1932 shall be filed into case No. 2014–0181 on the date of this entry.

O'DONNELL, LANZINGER, and KENNEDY, JJ., dissent.

**2014–0295. State ex rel. Ohio Civ. Rights Comm. v. McMonagle.**

In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition.

Upon consideration of relators' emergency motion for peremptory or alternative writ of prohibition, it is ordered by the court that respondent shall file a response to the complaint within 10 days of the date of this entry in accordance with S.Ct.Prac.R. 12.04. If respondent files a motion to dismiss or a motion for judgment on the pleadings in response to the complaint, relators may file a memorandum in response within five days of the filing of the motion.

# DISCIPLINARY CASES

**2013–1101. Trumbull Cty. Bar Assn. v. Marcheskie.**

This cause is pending before the court upon the filing of a certification of default by the Board of Commissioners on Grievances and Discipline.

Upon consideration of relator's motion to initiate default proceedings, it is ordered by the court that the motion is granted. This matter is remanded to the board for further proceedings under Gov.Bar R. V(6a)(7).

The court further orders that the interim default-judgment suspension imposed against respondent on August 13, 2013, shall remain in place while this matter is pending before the board. Proceedings before this court in this case are stayed until further order of this court.